20.070-04

Sept. 18, 2015


ABEL ACOSTA, CLERK
TEXAS COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas  78711


In re:  Art. 11.07 Writ/Ex parte Lonnie E. Harris
        Washington County, Texas Cause No. **16,925-B**


TO THE HON. ABEL ACOSTA, CLERK:

   At the end of Augsut I received the State's reply to my Petition for Writ of Habeas Corpus. I thought by now I would have received a Notice by White Card from your office that the Writ had been received and filed so that I may file my Rebuttal. As this is not the case, enclosed for filing and challenge to the State's Reply please find an original draft of my "Applicant's Rebuttal to State's Reply to Petition for Writ of Habeas Corpus" to be filed in the above referenced action.

   I would request that I be notified of receipt of this legal filing and be informed of what my Writ number will be please. I thank you in advance for your time in this most important matter.

Respectfully submitted,

/s/ Lonnie E. Harris 1970355

Lonnie E. Harris  1970355
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas  77583


Dated & documented



RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 23 2015
Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

EX PARTE                             §

LONNIE E. HARRIS,                    §        CAUSE NO. 16,925-B

            Applicant.               §

APPLICANT'S REBUTTAL TO STATE'S REPLY TO PETITION FOR
WRIT OF HABEAS CORPUS AND REQUEST FOR DISMISSAL

COMES NOW LONNIE E. HARRIS, Applicant pro se, and files this his "Applicant's Rebuttal to State's Reply to Petition for Writ of Habeas Corpus" and the request to Dismiss the Writ. Applicant holds that he is "actually innocent" of the charge alleged and files for Writ relief pursuant to the Texas Constitution, Art. 1 §12 which holds the "Writ is to be speedy and effective". To so DENY and dismiss it outright would constitute a Constitutional violation of Due Process of Law.

The State relies on the decision of the Court of Appeals having wrongfully Dismissed Applicant's direct appeal holding Applicant waived his Rights to appeal by pleading guilty [all due to the ineffective assistance of counsel] now before the Court on Writ of Habeas Corpus "ALLOWED" by the Texas Constitutiion in asking the Court to dismiss his Writ. As such, Applicant holds to the Doctrine of **Stare Decisis** in matter of rebuttal.

The Doctrine of Stare Decisis [**requires**] lower courts of appeals to follow precedent of superior court ( In re Smith Barney, Inc., 975 S.W.2d 593, 597 (Tex. 1998)) and a pro se complaint.... can **only be dismissed** for failure to state a claim if it appears beyond a doubt prisoner can prove **no** set of facts that would entitle

1

him td relief. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). As Applicant has clearly stated a Constitutional claim of ineffective assistance of counsel that he can readily show facts of such action that prejudiced Applicant's defense to the state that he was illegally imprisoned, Applicant's Writ of habeas corpus **should not** be Dismissed, but a published opinion entered.

As Applicant has already showed that his attorney was ignorant of relevant Law in the matter of the video taping of the chemical test that [**did NOT indicate**] the presence of coaine, then that ignorance constitues as "identafiable lapse" in constitutional adequate representation. Counsel who is not familiar with facts and law relevant to his client's case **cannot** meet the required minimum level for effective assistance of counsel (Trass v. Maggio, 731 F.2d 288, 293 (5th Cir. 1994) intended by the 6th Amendment.

The failure of the test to reveal "cocaine", as charged in the Indictment, made for a fundametnally defective Indictment. Counsel **did not** provide objectively reasonable assistance for failure to research and investigate the Rules of Evidence to the point of counsel not functioning as counsel **required** by the 6th Amendment. Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456 (2005). An objectively reasonable attorney, keeping abreast of legal developments related to his case, would have been aware of cases involving the same presedent set by prior courts to the point that failure to cite such precedent rendered deficient counsel. U.S. v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999).

With the "failure" of the test to reveal cocaine, then in essence, Applicant [**is**] actually innocent of the charge as set in
Indictment and

2

the Indictment and his attorney "should" have been aware of this fact of Law. The Sixth Amendment guarantees criminal defendnats the effective assistance of counsel, and that Right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense. Yarborough vs. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003; Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). If NO actual assistance for the accused's defense is provided, the Constitutional guarantee has been violated. U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984).

Even the Texas appellate courts have found that "Constitutional error" means an error that directly offends the federal and state constitutions without regard to any statute or rule that might also apply as that term is sued in rule providing that appellate court [must] reverse a judgment of conviction if trhe appellate record in a criminal case reveals "constitutional error" that is subject to Harmless Error review. Flores v. State, 194 S.W.3d 34 (Tex.App. Texarkana 2006); Thompson v. State, 95 S.W.3d 537 (Tex. App. - Hous. [14th Dist.] 2002).

WHEREFORE, Applicant would so pray after review of his rebuttal to the State's request, to so GRANT him relief and DENY the State their request to Dismiss Applicnat's Art. 11.07 Writ of Habeas Corpus and enter decision to acquit on all grounds.

Respectfully submitted,

/s/ Lonnie Earl Harris 1970355

Lonnie E. Harris 1970355
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas

3

# UNSWORN DECLARATION

I, Lonnie E. Harris, TDCJ No. 1970355, being presently illegally restrained of my liberty at the TDCJ-CID C.T. Terrell Unit located at 1300 FM 655, Rosharon, Texas 77583 in Brazoria County, declares under penaltyof perjury that the foregoing document is true and correct to the best of my knowledge.

Signed this the __18th__ day of September, 2015.

/s/ Lonnie Earl Harris 1970355
AFFIANT

4